# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

JUAN HUMBERTO AGUILAR GUZMAN  :
4133 Wadsworth Court  :
Annandale, Virginia 22003  :
: 
    Plaintiff,  :   Civil Action No.
:
v.  :
:
EAST SEA, INC.  :
D/B/A CHOONG HWA WON  :
4210 John Marr Drive  :
Annandale, Virginia 22003  :
    Serve:  Seokyu Kim, CPA, P.C.  :
           Resident Agent  :
           7535 Little River Tpke.  :
           Suite 310B  :
           Annandale, Virginia 22003  :
:
and  :
:
KWON EUI HONG  :
4210 John Marr Drive  :
Annandale, Virginia 22003  :
:
    Defendants.  :

## **COMPLAINT**

Plaintiff, Juan Humberto Aguilar Guzman ("Plaintiff"), by and through his attorneys, Mary J. Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against East Sea, Inc. d/b/a Choong Hwa Won Restaurant and Kwon Eui Hong (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), stating as follows:

## INTRODUCTION

Plaintiff worked for Defendants as a cook in the Choong Hwa Won Korean Restaurant. He worked approximately seventy-two hours per week and was not properly compensated for the

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4974224_1

overtime hours that he worked. Defendants have willfully violated the clear and well-established overtime provisions of the FLSA. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Virginia.

4. Defendant East Sea, Inc. is a Virginia corporation with its location and operations in Virginia.

5. Defendant Kwon Eui Hong (the "Individual Defendant") is the principal of East Sea, Inc.

6. Upon information and belief, at all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. The Individual Defendant controlled the day to day operations of the business.

8. The Individual Defendant had the power to hire, fire, suspend, and discipline Plaintiff.

9. The Individual Defendant supervised Plaintiff directly or indirectly.

10. The Individual Defendant directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

2

4974224_1

11. The Individual Defendant directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

12. Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." *Chao v. Mid-Atlantic Installation Services, Inc.*, 16 Fed Appx. 104 (2001).

13. The Individual Defendant would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

## FACTS

14. Plaintiff was employed by Defendants for approximately seven years ending on or about July 15, 2016 and including the statutory period of the last three years (the "Employment Period").

15. Plaintiff was paid flat weekly rates of $550.00 and then $630.00 per week.

16. Plaintiff worked an average of seventy-two hours per week, working 10:00 a.m. to 10:00 p.m. Monday through Sunday with only Wednesdays off.

17. Plaintiff was paid partially by check and partially by cash.

18. Plaintiff was not paid one and a half times his regular hourly rate for hours worked in excess of forty per week.

19. Plaintiff is owed approximately $20,853.80 in unpaid overtime wages.

20. Plaintiff is owed overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of federal law.

21. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

22. The precise number of hours worked, and wages owed, should be revealed through discovery.

23. Defendants knowingly and intentionally violated Plaintiff's rights under federal law.

## COUNT I
## (FLSA)

24. Plaintiff adopts herein by reference paragraphs 1 through 23 above as if fully set forth herein.

25. At all times relevant hereto, each Defendant was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

26. Defendants were engaged in "interstate commerce" within the meaning of the FLSA.

27. Plaintiff was an "employee" within the meaning of the FLSA.

28. Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly wage for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

29. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

30. Defendants' actions complained of herein constitute a willful violation of the FLSA.

31. Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4

4974224_1

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in his favor in an amount to be determined at trial, but not less than $41,707.60 which is two times the total wages owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    STEIN SPERLING BENNETT
    DE JONG DRISCOLL PC

By:    /s/ *Mary J. Craine Lombardo*
    Mary J. Craine Lombardo (77768)
    25 West Middle Lane
    Rockville, Maryland 20850
    (301) 340-2020
    (301) 354-8126 – fax
    mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020